IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| GEORGE DOUGLAS BEGLEY, | ) | Case No. 24-60120-grs |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| FIRST STATE BANK OF | ) | |
| THE SOUTHEAST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No._____ |
| | ) | |
| GEORGE DOUGLAS BEGLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Comes the Plaintiff First State Bank of the Southeast, Inc. ("Plaintiff"), by counsel, and for its *Complaint to Determine Dischargeability of Debt* against the Defendant, George Douglas Begley ("Defendant"), states as follows:

### JURISDICTION & VENUE

1. Plaintiff is a Kentucky corporation with a principal office at 1820 Cumberland Ave., Middlesboro, KY 40965.

2. Defendant is, upon information and belief, a citizen and resident of Kentucky whose address is 491 Powder Mill Rd., London, KY 40741.

3. Defendant filed the above-referenced bankruptcy case in this Court on or about February 16, 2024, and the case was converted from a Chapter 7 proceeding to a Chapter 13 proceeding on or about September 24, 2024.

4. Plaintiff is a creditor of Defendant, disclosed by Defendant in his petition initiating this case, and a real party in interest which has a filed a creditor claim in Defendant's bankruptcy case and has standing to bring this Complaint.

5. This court has jurisdiction of this adversary proceeding under 28 U.S.C. §§ 157(a)-(b) and 1334(b).

6. Venue is proper in this Court under 28 U.S.C. § 1409(a) because this proceeding is related to the above referenced bankruptcy case, currently pending in this Court.

7. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) because it concerns a determination of the dischargeability of a particular debt.

## BACKGROUND

8. Plaintiff restates in this section of the Complaint all of the averments made in the Complaint hereinabove.

9. Plaintiff made a loan to Farmers Pro Hardware, LLC ("Farmers"), a Kentucky limited liability company in which Defendant is or was a member and manager, for which it signed a *Promissory Note* to Plaintiff dated October 23, 2020, for repayment of the loan, in the principal amount of $150,000.00 (the "Note"). The Note is attached as Exhibit 1 and is incorporated by reference herein as if set forth verbatim.

10. The Note called for Farmers to make monthly payments of principal and variable interest beginning November 23, 2020 and continuing for 23 months thereafter.

11.     The maturity date of the Note was extended to January 24, 2023 under a *Change in Terms Agreement* dated October 23, 2022.  The *Change in Terms Agreement* is attached as Exhibit 2 and incorporated by reference herein as if set forth verbatim.

12.     The Note provides that Farmers will be in default if, *inter alia*, it: (i) fails to pay the full amount of each payment by the payment due date; and (ii) it dissolves or ends its business.

13.     The Note provides, upon Farmers' default, that Plaintiff may, *inter alia*: (i) make all or any amounts owed under the Note immediately due and payable; and (ii) exercise any and all remedies available to Plaintiff at law, though not to the exclusion of other remedies which may be available to Plaintiff.

14.     The Note is accompanied by a *Guaranty* (the "Guaranty") from Defendant dated October 23, 2020, guaranteeing payment of the Note.  Defendant reaffirmed the *Guaranty* on October 23, 2022 in conjunction with the *Change in Terms Agreement* by signing a *Guaranty of Specific Transaction*, which is attached as Exhibit 3 and is incorporated by reference herein as if set forth verbatim.

15.     After Farmers defaulted under the Note by, *inter alia*: (i) failing to make required payments of principal, interest, and late charges when due; and (ii) filing articles of dissolution with the Kentucky Secretary of State dissolving its business, Plaintiff sued Farmers, Defendant, and others in the Laurel Circuit Court, Laurel County, Kentucky, on August 7, 2023, Civil Action No. 23-CI-00601 (the "Suit").

16.     After service of the Complaint in the Suit on him on about August 9, 2023, Defendant signed a *Commercial Promissory Note* in favor Plaintiff dated September 19, 2023 (the "Begley Note"), the purpose of which was a "refinance [of the] matured line of credit to

Farmers [ ] … in the name of … [Defendant]," in the principal amount of $160,583.23. The Begley Note bears interest at the rate of 8.750% per annum and requires 89 consecutive monthly payments of principal and interest in the amount of $2,469.44 commencing October 19, 2023, and on the nineteenth day of each month thereafter until February 19, 2031, the date on which the Begley Note matures. The Begley Note is filed herewith as Exhibit 4 and incorporated by reference as if set forth verbatim herein.

17. As part of the refinance transaction evidenced by the Begley Note, Defendant and Plaintiff entered into a *Business Loan Agreement* also dated September 19, 2023 (the "BLA"). Among the terms of the BLA are certain "Representations and Warranties" by Defendant, including that, when he signed the BLA, "there [we]re no existing or pending suits or proceedings before any court … or threatened against [Defendant] that may result in any material adverse change in [Defendant]'s business, property, or financial condition and all representations and warranties in [the BLA] are true and correct and no material fact has been omitted." The BLA is filed herewith as Exhibit 5 and incorporated by reference as if set forth verbatim herein.

18. The Begley Note provides that the BLA is made a part thereof.

19. The Begley Note provides that Defendant will be in default thereunder if, *inter alia*: (i) he fails to make any payment on time or in the amount due; (ii) Plaintiff deems itself insecure; or (iii) there is a material adverse change of condition in his financial prospects.

20. The Begley Note provides that, on Defendant's default, Plaintiff may, *inter alia*: (i) make all or any amounts owed thereunder immediately due and payable without notice; and (ii) exercise any and all remedies available at law, in equity, and under the Second Note and any related documents.

21. The Begley Note provides that, upon default, Defendant shall pay all expenses of collection, enforcement, and expenses incurred in protecting Plaintiff's rights and remedies thereunder. "Expenses" specifically includes collection of reasonable attorney fees and court costs.

22. The Begley Note provides that Defendant waives, *inter alia*, protest, presentment, demand, notice of intent to accelerate, acceleration, notice of dishonor, and any other notice and defense due to extensions of time or indulgence by Plaintiff.

23. Defendant breached and is in default under the Begley Note because, *inter alia*, (i) he failed to make payments of principal, interest, and late charges thereunder when due; (ii) Plaintiff deemed itself insecure due to his failure to make payments of principal, interest, and late charges under the Begley Note when due, mere months after he made the Second Note to Plaintiff; and (iii) Plaintiff deemed itself insecure as Defendant is sued as a defendant in other civil proceedings, which also constitutes a material adverse change of condition in Defendant's financial prospects, also a default under the Begley Note.

24. Plaintiff elected to accelerate the entire indebtedness due under the Begley Note and to declare the same immediately due and payable.

25. The entire accelerated balance of principal, interest, and late fees Defendant owes, and which Plaintiff declared due, owing, and accelerated under the Begley Note is, as of February 15, 2024: $166,853.65, of which $160,583.23 is unpaid principal, $5,776.54 is unpaid interest, and $493.88 is late charges. Interest accrues daily from and after February 15, 2024 at $39.030646180 per day, with interest and late charges continuing to be incurred under the Begley Note, plus costs, legal expenses, and attorney's fees.

26. Unbeknownst to Plaintiff, on the date the refinance evidenced by the Begley Note and BLA was made (September 19, 2023), there was pending in the Laurel Circuit Court Civil Action No. 23-CI-00042 (the "Heartland Suit"), in which foreclosure is sought against Defendant's principal residence on a judgment lien in favor of Heartland Capital Investments, LLC ("Heartland") which is believed to be in excess of $100,000.00; see e.g., R. 113, *Objection to Confirmation of Plan* filed by Heartland. This litigation did and does pose significant risk of a material adverse change in Defendant's business, property, or financial condition, and Defendant's representations and warranties in the BLA concerning the lack of such suits and proceedings were neither true nor correct, and were in fact false and fraudulent when made, with intent to induce Plaintiff to refinance credit to Defendant.

COUNT I:  OBJECTION TO DISCHARGE OF DEBT UNDER 11 U.S.C. § 523(a)(2)

27. Plaintiff restates in this section of the Complaint all of the averments made in the Complaint hereinabove.

28. Under 11 U.S.C. § 523(a)(2), an individual debtor may not discharge any debt "for … an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's … financial condition," or by "use of a statement in writing that is materially false respecting the debtor's … financial condition on which the creditor to whom the debtor is liable …. reasonably relied, and that the debtor caused to be made or published with intent to deceive."

29. Defendant obtained an extension, renewal, or refinancing of credit by knowingly making false pretenses, false representations, and/or perpetrating actual fraud by representing and warranting in the BLA— with the intent to deceive Plaintiff— that there were no existing or pending suits or proceedings before any court or threatened against him which could result in a

material adverse change in his business, property, or financial condition when the Heartland Suit was pending against him when he signed the Begley Note and BLA.

30. Plaintiff justifiably relied on Defendant's false and fraudulent misrepresentations in the BLA concerning the lack of pending suits or proceedings against him which could materially, adversely change his business, property, or financial condition in extending, renewing, or refinancing credit to him.

31. Plaintiff has suffered damages which were proximately caused by Defendant's false and fraudulent misrepresentations described hereinabove, including but not limited to a loss of valuable collection remedies existing in Plaintiff's favor at the time of the extension, renewal, and/or refinancing which Plaintiff forbeared to exercise in reliance on Defendant's false and fraudulent misrepresentations described hereinabove, and Plaintiff's collection remedies lost value during the period of the extension, renewal, and/or refinancing.

WHEREFORE, Plaintiff prays the Court for:

1. A declaration and adjudication that Plaintiff's claim for recovery of losses incurred as a result of the Defendant's false and fraudulent misrepresentations described hereinabove is exempt from discharge under 11 U.S.C. § 523(a)(2); and

2. Any and all other similar relief to which it may be entitled.

/s/C. BISHOP JOHNSON
C. BISHOP JOHNSON
C. BISHOP JOHNSON, PLLC
PO Box 128
Pineville, KY 40977
Phone: (606) 337-6500
Fax: (606) 337-6100
E-mail: cbishopjohnson@bellsouth.net